IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SIR JORDAN COSBY,

                Plaintiff,                  OPINION AND ORDER

v.                                                        20-cv-184-wmc

BENJAMYN S. JENSON,
ANDREW M. POHL, and
TORRIA VAN BUREN,

                Defendants.

*Pro se* plaintiff Sir Jordan Cosby, Wisconsin prisoner currently housed at Columbia Correctional Institution, alleges that defendants were deliberately indifferent to his threats of self-harm in violation of his Eighth Amendment rights. Before the court is defendants' motion for summary judgment contending that Cosby failed to exhaust his administrative remedies regarding his claim. (Dkt. #22.) For the following reasons, the court must grant defendants' motion and dismiss plaintiff's claims without prejudice.[1]

OPINION

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought

---

[1] Defendants also filed a motion to dismiss for failure to prosecute and a motion to stay case deadlines, both of which the court will deny as moot. (Dkt. ##28, 46.) After the court granted plaintiff two extensions and repeatedly warned him that failure to respond could result in dismissal without prejudice under Rule 41(b), he still failed to file a formal response to either of defendants' motions by his latest deadline of January 4, 2021, nor did he even request another extension. (Dkt. #42.) Instead, after defendants notified the court that they would not be filing a reply brief (dkt. #43), Cosby responded via letter on January 25, 2021 (dkt. #44), asking that his case not be dismissed, noting that his institution was at some point on lockdown due to staff assaults, and arguing in reliance on three attached exhibits that he had in fact exhausted his administrative remedies before filing suit. The court has reviewed Cosby's letter and exhibits and, given his *pro se* status, will address his lone argument in favor of exhaustion without a reply from defendants, although it does not change the result.

with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and "applies to all inmate suits." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (exhaustion is mandatory). The requirement's primary purpose is to "alert[ ] the state" to the problem "and invit[e] corrective action." *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). Because exhaustion is an affirmative defense, defendants bear the burden of establishing that plaintiff failed to exhaust his available remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

"[T]he PLRA exhaustion requirement requires proper exhaustion," *Woodford*, 548 U.S. at 93, which means that the prisoner must follow prison rules when filing the initial grievance and all necessary appeals, "in the place, and at the time, the prison's administrative rules require." *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).

Here, the Wisconsin Department of Corrections ("DOC") uses a four-step process called the Inmate Complaint Review System ("ICRS") to review inmate grievances. *See* Wis. Admin. Code Ch. DOC 310. Prisoners start the complaint process by filing an inmate complaint with the institution complaint examiner ("ICE") within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.09(6).[2] The inmate complaint must "clearly identify the issue" that the inmate seeks to raise. *Id.* §

---

[2] On April 1, 2018, a new version of Wis. Admin. Code § DOC ch. 310 went into effect. For purposes of this order, however, the court refers to the December 2014 version of Wis. Admin. Code ch. DOC 310, which was in effect when plaintiff's claims arose.

310.09(1)(e).  An ICE then reviews and acknowledges the complaint in writing within 5 working days of receipt.  *Id.* § 310.11(2).

For example, ICE may reject a complaint, Wis. Admin. Code § DOC 310.11(5), which an inmate may then appeal the rejection to the appropriate reviewing authority within ten days.  *Id.* § 310.11(6).  On the other hand, if the offender complaint is not rejected, ICE makes a recommendation to the reviewing authority.  *Id.* §§ 310.11(1)-(4).  The offender complaint is then decided by the appropriate reviewing authority whose decision -- if adverse to the inmate -- can be appealed to the Corrections Complaint Examiner ("CCE").  *Id.* §§ 310.12, 310.13.  Absent good cause, an appeal to CCE must be made within ten days.  *Id.* § 310.13(1)-(2).  CCE then makes a recommendation to the DOC secretary, who takes final action.  *Id.* §§ 310.13(6), 310.14.

At screening in this lawsuit, the court granted plaintiff leave to proceed on Eighth Amendment deliberate indifference claims against defendants on the ground that they disregarded his threats of self-harm in late September 2017.  Specifically, he alleges that defendant Van Buren ignored his September 20, 2017, request to be placed on observation status because he felt suicidal, and that defendants Jenson and Pohl also failed to take any action the next day after he warned them that he was going to hurt himself.  (Dkt. #7 at 2.)  Plaintiff alleges that he then used a pen insert to cut his right arm and swallowed the insert before losing consciousness.

Plaintiff's Inmate Complaint History Report ("ICHR") shows that he did not file any complaints between August 21 and November 1, 2017.  (Dkt. #24-1 at 3.)  According to defendants, plaintiff subsequently filed two complaints related to the incident alleged

3

in this case, and both were rejected as untimely. In WCI-2018-3185, dated February 2, 2018, he reported that he had never received a number for a complaint he had filed about an incident on September 21, 2017, and noted that he had been on observation status until October 30, 2017, before transferring to the Wisconsin Resource Center and had only recently returned to Columbia. (Dkt. #24-3 at 6.) However, defendants claim that the only complaint plaintiff had previously filed about any incident in September 2017 was obviously unrelated to the incident alleged in this case, since plaintiff complained about Columbia staff failing to protect him from cutting himself with a razor on September 26. (Dkt. ##24-1 at 3.) Moreover, an acknowledgment of that complaint was sent to plaintiff at the Wisconsin Resource Center (dkt. #24-2 at 1), which ICE then reviewed and rejected as moot in November 2017, noting that plaintiff was already on observation status on September 26, and the allegations were "so overly broad" that a "singular response" was "not possible" in any event. (Dkt. #24-2 at 2.) Finally, plaintiff did not appeal this rejection. (Dkt. #24-2 at 5.)

In rejecting the February 2018 complaint as beyond the 14-day limit, ICE also acknowledged plaintiff's allegation that he filed a complaint after he was released from observation on October 30, 2017, but found "no reasonable explanation for a 4 month delay in grieving the non-response." (Dkt. #24-3 at 4.) Rather, ICE explained that plaintiff "could have questioned or even grieved the non-response" to any submission he believed had not been acknowledged within the 5-working-day limit. (Dkt. #24-3 at 4.) Plaintiff did not appeal this rejection either.

Defendants allege that plaintiff filed a second inmate complaint regarding the

allegations in this case on January 15, 2020 -- approximately two years after the alleged incident and two months before he filed his complaint in this lawsuit.  (Dkt. #1.)  In CCI-2020-912, plaintiff alleged that he "informed staff members" on September 21, 2017, that he was suicidal, but "[a] number of staff members did not intervene," and he harmed himself.  (Dkt. #24-4 at 8.)  ICE also rejected this complaint as untimely, *and* denied plaintiff's request for a good cause exception despite his assertion that he had filed a complaint back in 2017.  Plaintiff appealed this rejection to the Warden, who determined on February 12, 2020, that ICE had appropriately rejected the complaint.

      This undisputed evidence requires dismissal.  Plaintiff's sole argument in response to his blatant untimeliness is that in reviewing his November 2017 complaint, ICE misread the date of incident as September 26, rather than September 21, and therefore improperly rejected it as moot.  (*See* dkt. #24-2 at 6.)  However, the Court of Appeals for the Seventh Circuit applies a "strict compliance approach to exhaustion."  *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).  Plaintiff neither appealed the rejection of his November 2017 complaint nor the rejection of his February 2018 complaint, to the extent the latter complaint was arguably an attempt to revive the former.  Wis. Admin. Code § DOC 310.11(6) (an inmate may appeal a rejected complaint within 10 days); *Burrell*, 431 F.3d at 284-85 ("[A] prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." (citation omitted)).  Plaintiff does not explain why, nor, equally important, does he explain why he took *another* two years to file a subsequent complaint about the alleged September 21, 2017, incident.  Because plaintiff has offered no explanation for his untimeliness, ICE properly rejected it that complaint as

5

well.  Wis. Admin. Code §§ DOC 310.09(6) (an inmate shall file a complaint within 14 days after the occurrence);  310.11(5)(d) (ICE may reject a complaint submitted beyond the 14-day deadline);  *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005) ("Failure to comply with administrative deadlines dooms the claim except where the institution treats the filing as timely and resolves it on the merits.").

Plaintiff did not properly pursue each step in the administrative process, so the court lacks any discretion to resolve his claims on the merits, *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999), and must, therefore, dismiss the complaint without prejudice.  *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (explaining that "*all* dismissals under § 1997e(a) should be without prejudice").  However, in fairness, dismissal here likely functions as one with prejudice since it would probably be too late for plaintiff to exhaust his claims against defendants now.  *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("Dismissal for failure to exhaust is without prejudice and so does not bar reinstatement of the suit unless it is too late to exhaust.") (citations omitted)).

ORDER

IT IS ORDERED that:

1) Defendants' motion for summary judgment on exhaustion grounds (dkt. #24) is GRANTED, and plaintiff Sir Jordan Cosby's claims against defendants are DISMISSED without prejudice.

2) Defendants' motion to dismiss for failure to prosecute (dkt. #28) is DENIED as moot.

3) Defendants' motion to stay case deadlines (dkt. #46) is DENIED as moot.

4) The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 23rd day of April, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge