IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SIR JORDAN COSBY,

                Plaintiff,                      OPINION AND ORDER

    v.                                                  20-cv-184-wmc

BENJAMYN S. JENSON,
ANDREW M. POHL, and
TORRIA VAN BUREN,

                Defendants.

*Pro se* plaintiff Sir Jordan Cosby, a prisoner currently housed at Waupun Correctional Institution, was granted leave to proceed on Eighth Amendment claims again defendants for their alleged deliberate indifference to his threats of self-harm. However, on April 23, 2021, the court granted defendants' motion for summary judgment on the ground that Cosby failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e)(a). (Dkt. #47.) Plaintiff filed a timely motion for reconsideration (dkt. #49) and a motion for a temporary restraining order and preliminary injunction against defendant Torria Van Buren (dkt. #52). Because the court will deny plaintiff's motion for reconsideration for the reasons that follow, and this case remains closed, plaintiff's motion for injunctive relief will also be denied.

To prevail on a Rule 59(e) motion to amend judgment, a party must "demonstrate a manifest error of law or present newly discovered evidence." *Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 505 (7th Cir. 2011) (quoting *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008)). The court granted defendants' motion because plaintiff did not timely file an inmate grievance or properly pursue each step in the administrative process. (Dkt. #47 at

5-6.) In his motion for reconsideration, plaintiff simply asks the court "to reconsider its decision for di[s]missing this case because [plaintiff] adequately exhausted his remedies." (Dkt. #49 at 1.) This barebones assertion is insufficient to establish manifest legal error or otherwise support reconsideration, therefore the motion will be denied.

As for plaintiff's motion for injunctive relief, he seeks to enjoin defendant Van Buren generally from retaliating against him for proceeding against her in this lawsuit. (Dkt. #52 at 2.) This motion is moot because this case is closed. In any event, plaintiff's complaint did not raise a retaliation claim against any defendant, so the court lacks the authority in this lawsuit to enjoin such behavior. *See Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 387 (7th Cir. 1984) (injunctive relief requires "showing some likelihood of succeeding on the merits" of underlying claim). Moreover, plaintiff's allegation that he *may* face retaliatory behavior is insufficient to establish that he requires immediate relief without notice to and an opportunity to respond by defendants, or that he will suffer irreparable harm if an injunction is not granted. *See* Fed. R. Civ. P. 65(b)(1) (to obtain temporary restraining order without prior notice to the adverse party, plaintiff must show that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"); *see also Lambert v. Buss*, 498 F.3d 446, 451 (7th Cir. 2001) (to prevail on a motion for preliminary injunctive relief, the movant must demonstrate, among other requirements, that irreparable harm will result if the injunction is not granted). Plaintiff's motion is based on conjecture and speculation about what *might* happen, but that is not enough support injunctive relief. *See Palmer v. City of Chi.*, 755 F.2d 560, 571-72 (7th Cir. 1985) ("[A] plaintiff's standing must be premised upon more

2

than hypothetical speculation and conjecture that harm will occur in the future"); *Michigan v. U.S. Army Corps of Eng'rs*, 667 F.3d 765, 788 (7th Cir. 2011) ("For preliminary relief to be granted, the irreparable harm must also be likely. That is, there must be more than a mere possibility that the harm will come to pass.").

Finally, plaintiff asks the court for guidance with respect to how to proceed in this lawsuit. (Dkt. #49 at 1.) The court cannot give plaintiff legal advice of this nature, but plaintiff may find it useful to review the court's "Guide for Pro Se Litigants," available on the court's website at www.wiwd.uscourts.gov, and Federal Rules of Appellate Procedure 3 and 4 to the extent plaintiff wishes to pursue an appeal.

## ORDER

IT IS ORDERED that:

1) Plaintiff Sir Jordan Cosby's motion for reconsideration (dkt. #49) is DENIED.

2) Plaintiff's motion for a temporary restraining order and injunction (dkt. #52) is DENIED as moot.

Entered this 20th day of May, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge